**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
**MEMPHIS DIVISION**

JANDREA ALISE CRUM,

  Plaintiff,

v.

TRANSUNION LLC and COMENITY
BANK,

  Defendants.

_____/

CASE NO.:

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff, JANDREA ALISE CRUM (hereinafter "Plaintiff"), by and through the undersigned counsel, sues Defendants, TRANSUNION LLC (hereinafter "TransUnion") and COMENITY BANK (hereinafter "Comenity") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

### PRELIMINARY STATEMENT

1.    This is an action for actual damages, statutory damages, punitive damages, costs and attorney's fees brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

2.    Today in America there are three major consumer reporting agencies, Equifax Information Services LLC ("Equifax"), TransUnion LLC ("TransUnion") and Experian Information Solutions, Inc. ("Experian").

3.    Consumer reporting agencies that create consumer reports, like Equifax, Experian and TransUnion are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for

7

them to simply parrot information they receive from entities like National Recovery, particularly where a consumer makes a dispute about information reported.

4.      When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information, here Comenity. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.      The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION

6.    The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. §1331.

7.      The Plaintiff is a natural person and resident of Shelby County, in the State of Tennessee. She is a "consumer" as defined by 15 U.S.C. § 1681a(c).

8.      TransUnion is a corporate entity with its principal place of business in the State of Delaware, authorized to do business in the State of Tennessee through its registered agent, The Prentice-Hall Corporation System, Inc.; located at 2908 Poston Ave, Nashville, Tennessee 37203.

9.      TransUnion is a "consumer reporting agency," as defined in 15 USC § 1681a(f). TransUnion is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d) to third parties.

10.      TransUnion disburses such consumer reports to third parties under contract

7

for monetary compensation.

11.    Comenity is a corporate entity with its principal place of business located at One Righter Parkway, Suite 100, Wilmington, Delaware 19803, and which conducts business within the State of Tennessee.

12.    Comenity is a "financial institution," as defined in 15 USC § 1681a(t). Comenity is regularly engaged in the business of directly or indirectly, issuing and holding a transaction account, as defined in section 15 U.S.C. § 1681a(t) to a consumer.

## FACTUAL ALLEGATIONS

13.    Plaintiff is a natural person who allegedly filed for a Chapter 13 bankruptcy which included one (1) Comenity Bank/New York & Company account and one (1) Comenity Bank/Victoria's Secret account. Plaintiff has never filed for bankruptcy.

14.    In or about October of 2018, Plaintiff checked her credit report with TransUnion and found that TransUnion was reporting two Comenity revolving accounts, which included inaccurate "CHAPTER 13 BANKRUPTCY" remarks. Plaintiff had a business relationship with Comenity and was the sole owner of the two accounts, but again, had never filed for bankruptcy.

15.    On or about October 4, 2018, Plaintiff communicated with TransUnion and advised TransUnion that she had never filed for bankruptcy which meant that these two accounts could not have been associated with a bankruptcy.

16.  On or about November 1, 2018, Plaintiff received a dispute response (File Number: 328098933) from Trans Union. Trans Union accurately removed the "CHAPTER 13 BANKRUPTCY" remark from both Comenity accounts.

17.  At the end of the month, on or about November 26, 2018, Plaintiff checked her credit report (File Number: 328098933) with TransUnion to see if her score increased since

the removal of the erroneous bankruptcy remark. To Plaintiff's surprise, she found that TransUnion had re-inserted the "CHAPTER 13 BANKRUPTCY" remark back to both Comenity accounts.

18.    On or about November 30, 2018, Plaintiff communicated with TransUnion and advised TransUnion, again, that she had never filed for bankruptcy which meant that these two accounts could not have been associated with a bankruptcy. Plaintiff stated that these remarks were disputed on or about October 4, 2018 with TransUnion and were removed on or about November 1, 2018 but inexplicably; they were re-inserted to her report as of November 26, 2018.

19.    TransUnion failed to respond to Plaintiff's dispute, in violation of 15 U.S.C § 1681i(a)(6)(A). Plaintiff did not receive any documentation that an investigation, in regards to the dispute submitted on or about November 30, 2018, was conducted or completed.

20.    On or about January 2, 2019, Plaintiff communicated again with TransUnion and advised TransUnion that she had never filed for bankruptcy which meant that these two accounts could not have been associated with a bankruptcy. Plaintiff stated that these remarks were disputed on or about October 10, 2018 with TransUnion and were removed on or about November 1, 2018. Plaintiff also stated that she disputed this information again on or about November 30, 2018 because the remark was added back to her credit report but never received documentation that an investigation into her dispute was conducted or completed.

21. In or about January 2019, Plaintiff also called Comenity to dispute the bankruptcy remarks that they were reporting to TransUnion for both accounts.

22. On or about January 11, 2019, Plaintiff received a communication from Comenity acknowledging her communications disputing the bankruptcy status for the Victoria's Secret Comenity account.  The letter assured Plaintiff, "We have updated our records and have notified the credit reporting agencies of the changes that need to be made to your credit report".

23. On or about January 22, 2019, Plaintiff received communication from Comenity stating that they had received the Plaintiff inquiry, in regards to the New York & Company Comenity account. While this communication did not indicate that they had removed the disputed information from the Plaintiff's Comenity account itself, Comenity stated that they had notified the credit reporting agencies to delete the bankruptcy from the Plaintiff credit report.

24. On or about January 24, 2019, Plaintiff received a dispute response (File Number: 394618229) from TransUnion. Inexplicably, TransUnion removed the "CHAPTER 13 BANKRUPTCY" remark from the New York & Company Comenity account but "VERIFIED AS ACCURATE" the bankruptcy remark from the Victoria's Secret Comenity account.

25. Plaintiff was feeling so helpless and discouraged by the inaccurate reporting and to make matters worse, on or about January 31, 2019, Plaintiff received communication from third party, Synchrony Bank, in regards to her Lowe's Advantage Card account. Upon reviewing the entries by Comenity in her Trans Union report,  her Synchrony credit line was decreased to $610.00. The evaluation and reduction of the Plaintiff's credit was conducted during the period in which TransUnion re-inserted the bankruptcy remarks back to the Plaintiff record.

26.   Due to the continuous reporting, on or about February 11, 2019, Plaintiff called TransUnion again and advised TransUnion that she had never filed for bankruptcy which meant that these two accounts could not have been associated with a bankruptcy. Plaintiff stated that these remarks were disputed on or about October 10, 2018, November 30, 2018, and January 2, 2019. Plaintiff indicated that TransUnion continues to remove and add these inaccurate remarks to two Comenity accounts. However, Plaintiff stated that the Victoria's Secret Comenity account was the only account that was currently showing this remark and wanted TransUnion to conduct a reasonable and thorough investigation to correct their incorrect reporting.

27.   On or about March 7, 2019, Plaintiff received a dispute response (File Number: 394618229) from TransUnion. TransUnion "VERIFIED AS ACCURATE" the "CHAPTER 13 BANKRUPTCY" remark on the Victoria's Secret Comenity account.

28.   At this point, Plaintiff was completely drained, stressed and fed up with dealing with disputing and getting the same responses from TransUnion. Plaintiff, at this point, has spent almost half a year disputing and trying to correct the erroneous reporting by TransUnion and was left feeling helpless that she was still unsuccessful.

29.   Several months later, on or about August 23, 2019, Plaintiff called TransUnion and advised TransUnion again that she had never filed for bankruptcy which meant that these two accounts could not have been associated with a bankruptcy. Plaintiff stated that these remarks were disputed on or about October 10, 2018, November 30, 2018, January 2, 2019, and February 11, 2019. Plaintiff indicated that TransUnion continues to remove and add these inaccurate remarks to two Comenity accounts. However, Plaintiff stated that the remark on the Victoria's Secret Comenity account, that she recently disputed, was verified

7

by TransUnion and requested that TransUnion conduct a reasonable and thorough investigation.

30.   On or about September 16, 2019, Plaintiff received a dispute response (File Number: 328098933) from TransUnion. TransUnion "VERIFIED AS ACCURATE" the "CHAPTER 13 BANKRUPTCY" remark on the Victoria's Secret Comenity account and proceeded to update the New York & Company Comenity account by re-inserting the "CHAPTER 13 BANKRUPTCY" remark back to the account.

31.   A calendar year after the Plaintiff initial dispute, in or around late September 2019/early October 2019, Plaintiff called Comenity to dispute the bankruptcy remarks that they continued to report to TransUnion for both accounts.

32.   On or around October 1, 2019, Plaintiff received communication from Comenity, in regards to the New York & Company account, that the Plaintiff had never filed bankruptcy with Comenity. Comenity also stated that this was an error on their part and they were clearing up this matter in their system along with the credit reporting agencies.

33.   On or around October 1, 2019, Plaintiff received communication from Comenity, in regards to the Victoria's Secret Comenity account, that the Plaintiff had never filed bankruptcy with Comenity. Comenity also stated that this was an error on their part and they were clearing up this matter in their system along with the credit reporting agencies.

34.   On or about October 13, 2019, Plaintiff called TransUnion and advised TransUnion that she had never filed for bankruptcy which meant that these two accounts could not have been associated with a bankruptcy. Plaintiff stated that these remarks were

disputed on or about October 10, 2018, November 30, 2018, January 2, 2019, February 11, 2019, and August 23, 2019. Plaintiff indicated that TransUnion continues to remove and add these inaccurate remarks to two Comenity accounts.

35.     TransUnion failed to respond to Plaintiff's dispute, in violation of 15 U.S.C § 1681i(a)(6)(A). Plaintiff did not receive any documentation that an investigation, in regards to the dispute submitted on or about October 13, 2019, was conducted or completed.

36.     On or about December 21, 2019, Plaintiff submitted another dispute with TransUnion for the "CHAPTER 13 BANKRUPTCY" remarks they continued to report on both Comenity accounts.

37.     TransUnion failed to respond to Plaintiff's dispute, in violation of 15 U.S.C § 1681i(a)(6)(A). Plaintiff did not receive any documentation that an investigation, in regards to the dispute submitted on or about December 21, 2019, was conducted or completed.

38.     On or about February 4, 2020, Plaintiff submitted another dispute with TransUnion for the "CHAPTER 13 BANKRUPTCY" remarks they continued to report on both Comenity accounts.

39.     TransUnion failed to respond to Plaintiff's dispute, in violation of 15 U.S.C § 1681i(a)(6)(A). Plaintiff did not receive any documentation that an investigation, in regards to the dispute submitted on or about February 21, 2019, was conducted or completed.

40.     On or about February 20, 2020, Plaintiff called TransUnion and advised TransUnion that she had never filed for bankruptcy which meant that these two accounts

could not have been associated with a bankruptcy. Plaintiff stated that these remarks were disputed on or about October 10, 2018, November 30, 2018, January 2, 2019, February 11, 2019, August 23, 2019, December 21, 2019, and February 4, 2020. Plaintiff indicated that TransUnion continues to remove and add these inaccurate remarks to two Comenity accounts.

41.     On or about February 26, 2020, Plaintiff requested and received a report from the United States Bankruptcy Court for the Eastern District of Tennessee. The report stated that the court had no record that the Plaintiff had ever filed for bankruptcy.

42.  On or about February 28, 2020, Plaintiff checked her credit report (File Number: 328098933) with TransUnion. TransUnion had again removed the "CHAPTER 13 BANKRUPTCY" remark from the New York & Company Comenity account but continued to report the remark for the Victoria's Secret Comenity account.

43.  On or about March 19, 2020, Plaintiff received a dispute response (File Number: 408121511) from TransUnion. TransUnion removed the "CHAPTER 13 BANKRUPTCY" remark from both Comenity accounts.

44.  On or about April 20, 2020, Plaintiff checked her credit report (File Number: 328098933) with TransUnion. TransUnion had again re-inserted the "CHAPTER 13 BANKRUPTCY" remark back to the Victoria's Secret account.

45.  On or about April 20, 2020, Plaintiff called TransUnion and advised TransUnion that she had never filed for bankruptcy which meant that these two accounts could not have been associated with a bankruptcy. Plaintiff stated that these remarks were disputed on or about October 10, 2018, November 30, 2018, January 02, 2019, February 11, 2019, August 23, 2019, December 21, 2019, February 4, 2020, and February 20, 2020.

Plaintiff indicated that TransUnion continues to remove and add these inaccurate remarks to two Comenity accounts. However, Plaintiff stated that the Victoria's Secret Comenity account was the only account that was currently showing this remark and wanted TransUnion to conduct a reasonable and thorough investigation.

46.   On or about May 12, 2020, Plaintiff received a dispute response (File Number: 408121511) from TransUnion. TransUnion removed the "CHAPTER 13 BANKRUPTCY" remark from the Victoria's Secret accounts.

47.    On or around May 27, 2020, Plaintiff received communication from Comenity, in regards to the New York & Company Comenity account, that the Plaintiff had never filed bankruptcy with Comenity. Comenity also stated that this was an error on their part and they were clearing up this matter in their system along with the credit reporting agencies.

48.   In or about June 2020, Plaintiff checked her credit report with TransUnion. TransUnion had again re-inserted the "CHAPTER 13 BANKRUPTCY" remark back to the Victoria's Secret account.

49.   On or about June 12, 2020, Plaintiff called TransUnion and advised TransUnion that she had never filed for bankruptcy which meant that these two accounts could not have been associated with a bankruptcy. Plaintiff stated that these remarks were disputed on or about October 10, 2018, November 30, 2018, January 02, 2019, February 11, 2019, August 23, 2019, December 21, 2019, February 4, 2020, and February 20, 2020. Plaintiff indicated that TransUnion continues to remove and add these inaccurate remarks to two Comenity accounts. However, Plaintiff stated that the Victoria's Secret Comenity account was the only account that was currently showing this remark and wanted

TransUnion to conduct a reasonable and thorough investigation.

50.   On or about July 7, 2020, Plaintiff received a dispute response (File Number: 408121511) from TransUnion. TransUnion removed the "CHAPTER 13 BANKRUPTCY" remark from the Victoria's Secret account.

51.   On or about August 5, 2020, Plaintiff checked her credit report (File Number: 408121511) with TransUnion. TransUnion had added the "CHAPTER 13 BANKRUPTCY" remark back to the Victoria's Secret account.

52.   On or about August 17, 2020, Plaintiff checked her credit report (File Number: 408121511) with TransUnion. TransUnion continued to report the "CHAPTER 13 BANKRUPTCY" remark on the Victoria's Secret account.

53.   On August 21, 2020, Plaintiff mailed a written detailed dispute letter to TransUnion. This dispute letter clearly indicated the "CHAPTER 13 BANKRUPTCY" remark on the Victoria's Secret Comenity account was inaccurate and provided proof to the Defendant that this information was not accurate. Plaintiff went as far as to include an example that this happened with a similar account, New York & Company Comenity, in the past.

54.   As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

   i.    Monies lost by attempting to fix her credit;

   ii.   Loss of time attempting to cure the error;   Plaintiff has spent an insane amount of hours trying to fix her credit;

   iii.  Mental anguish, stress, aggravation, embarrassment and other related impairments to the enjoyment of life;

iv.   Reduced credit on her unrelated credit accounts due to the incorrect reporting of the bankruptcy remarks;

v.   Prevented her from trying to get a new vehicle;

vi.   Prevented her from trying to get a new computer for school;

vii.   The inaccurate report showing the bankruptcy was published to over 18 entities.

55.   All conditions precedent to the filing of this action have occurred.

## CAUSES OF ACTION
## COUNT I
### (Violation of 15 U.S.C. § 1681e(b)  - As to Defendant, TransUnion LLC)

56.   The Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-five (55) as if fully set out herein.

57.   TransUnion violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff. Despite Plaintiff providing several disputes, TransUnion refused to do any independent investigation. Trans Union was aware that Comenity added, deleted and re-inserted the bankruptcy entry in Plaintiff's accounts but allowed the re-insertions having clear knowledge that it was a false statement.

58.   As a result of this conduct, action and inaction of TransUnion, the Plaintiff suffered damage by stress and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit reduction.

59.   TransUnion's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC § 1681o. TransUnion failed to properly conduct any independent investigation regarding the erroneous reporting. TransUnion failed to attempt to communicate or do a simple research of the evidence presented by Plaintiff.

60. The Plaintiff is entitled to recover costs and attorney's fees from TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, TRANSUNION LLC, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT II
**(Violation of 15 U.S.C. § 1681i - As to Defendant, TransUnion LLC)**

61. The Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-five (55) as if fully set out herein.

62. TransUnion violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has to know is unreliable. TransUnion verified a fraudulent bankruptcy remark to Plaintiff, numerous times, without conducting any independent investigation. TransUnion simply sent an ACDV to Comenity and parroted back the incorrect verification of the fraudulent remark.

63. TransUnion violated 15 U.S.C § 1681i(a)(6)(A) by failing to provide Plaintiff written notice of the results of a reinvestigation not later than 5 business days after the

7

completion of the reinvestigation.

64.   TransUnion violated 15 U.S.C § 1681i(a)(5)(B) by reinserting the bankruptcy remark in Plaintiff's credit file after the remark was previously removed. TransUnion failed to notify Plaintiff of the reinsertion in writing no later than 5 business days after the reinsertion, in violation of 1681i(a)(5)(B)(iii)(I). Further, TransUnion violated 15 U.S.C § 1681i(a)(5)(B)(iii)(II) by failing to provide the Plaintiff in writing, the business name and address of any furnisher of information contacted and the telephone number of such furnisher in connection with the reinsertion of such information.

65.   As a result of this conduct, action and inaction of TransUnion, the Plaintiff suffered damage by stress and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit reduction.

66.   TransUnion's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover under 15 USC § 1681o.

67.   The Plaintiff is entitled to recover costs and attorney's fees from TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff demands judgment and compensatory and punitive damages against Defendant, TRANSUNION LLC, jointly and severally; for her attorneys fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

## COUNT III
**(Violation of 15 U.S.C. § 1681s-2(b) - As to Defendant, Comenity Bank)**

68.   The Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-five

(55) as if fully set out herein.

69. Comenity published the Comenity representations to TransUnion and through TransUnion to all of Plaintiff's potential lenders on multiple occasions.

70. Comenity violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate the Plaintiff's dispute of Comenity's representation; by failing to review all relevant information regarding same; by failing to accurately respond to TransUnion; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the reinsertion of the Comenity representations to the consumer reporting agencies. Plaintiff provided all the information necessary for Comenity to have identified that Plaintiff never filed for bankruptcy. Since October 2018, Comenity was aware that this remark was incorrect yet continued to report to TransUnion.

71. Comenity violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to TransUnion after Comenity had been notified that the information was inaccurate. Comenity has been aware of Plaintiff's dispute for almost two years now but continues to erroneously report, through the filing of this Complaint.

72. Comenity violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to TransUnion that Comenity knew was inaccurate.

73. Comenity did not have any reasonable basis to believe that the Plaintiff was involved in a bankruptcy as indicated in the Comenity representation. It also had substantial evidence by which to have verified that the Plaintiff's accounts were not involved in bankruptcy. Further, even if Comenity would attempt to plea ignorance, it had all of the evidence and information with which to confirm and recognize the Plaintiff's accounts were

7

not in bankruptcy.

74.  As a result of this conduct, action and inaction of Comenity, Plaintiff suffered damage by loss of time due to Plaintiff's attempts to correct the inaccurate information and the mental and emotional pain, anguish, humiliation and embarrassment of credit reduction.

75.  Comenity's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, COMENITY BANK, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

Respectfully submitted,

*/s/ Frank H. Kerney, III*
Frank H. Kerney, III, Esquire
BPR #: 035859
Morgan & Morgan, Tampa, P.A.
201 North Franklin Street, Suite 700
Tampa, Florida 33602
Telephone: (813) 223-5505
Facsimile:  (813) 223-5402
Primary Email: FKerney@ForThePeople.com
Secondary Email: TGomez@ForThePeople.com
Noticed Email: LDobbins@ForThePeople.com
*Counsel for Plaintiff*